ROGER & GALLET *v.* UNITED STATES

**No. 5189.**—Invoices dated Paris, France, August 7, 1935, etc.
Entered at New York August 20, 1935, etc.
Entry Nos. 718644, etc..

(Decided April 1, 1941)

B. A. Levett (*Meyer Ohlbaum* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Chas. D. Lawrence, Acting Assistant Attorney General, attorney for the defendant and B. A. Levett, attorney for the plaintiff, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated above, consists of bottles, pots, cartons tubulaire and contre boites, the bottles being similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain, Inc.,* decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above, is the same as the issue involved in the case of *United States* vs. *Guerlain, Inc., supra.*

It is further stipulated and agreed that:

A. As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

B. As to those cases where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements are waived as to all merchandise except bottles, pots, cartons tubulaire and contre boites.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles, pots, cartons tubulaire, and contre boites advance in value by the appraiser, the proper values are the entered values.

As to the bottles, pots, cartons tubulaire, and contre boites wherein the importer added on entry under duress to meet advances made by the appraiser, the proper values are the appraised values, less any additions made by the importer on entry under duress to meet advances made by the appraiser.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.